# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 24, 2012

Lyle W. Cayce
Clerk

No. 11-50456
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR ENRIQUE ESTRADA MURILLO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-337-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Hector Enrique Estrada Murillo (Estrada) was sentenced to concurrent 57-month terms of imprisonment following his guilty plea to attempted illegal reentry and false personation in immigration matters. He argues that his sentence, which is at the bottom of the applicable guidelines range, is unreasonable.

Estrada does not contend that the district court committed any procedural error regarding his sentence. Thus, this court's review is confined to whether

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the sentence is substantively unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Citing *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007), Estrada acknowledges that this court's review is for plain error when a defendant fails to object to the reasonableness of a sentence after the imposition of sentence. Nevertheless, he seeks to preserve for further review his contention that an objection is not required. This court need not determine whether plain error review is appropriate because Estrada's arguments fail even under the abuse-of-discretion standard of review. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

This court has consistently rejected Estrada's "double counting" argument and his argument that U.S.S.G. § 2L1.2 results in an excessive sentence because it is not empirically based. *See United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009). We also have rejected the "international trespass" argument that Estrada asserts. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

As to Estrada's argument that the Guidelines fail to account for the seriousness of his offense or for his personal history and characteristics, the district court expressly considered Estrada's arguments for a variance, including his cultural assimilation, the age of Estrada's prior drug-trafficking conviction, the lack of an empirical basis for § 2L1.2, the relative harshness of prison sentences on aliens, and Estrada's substance dependency issues. The district court also considered Estrada's criminal history, which the district court considered extensive and included violent acts upon others. The district court concluded that a sentence within the Guidelines "was consistent with all of the purposes of the sentencing statute." Estrada has not shown that the district court failed to give proper weight to his arguments or any particular 18 U.S.C. § 3553(a) factor. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). He has thus failed to rebut the presumption of reasonableness that is accorded

No. 11-50456

his within-guidelines sentence. *See id.*; *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

Accordingly, the district court's judgment is AFFIRMED. The Government's motion for summary affirmance is DENIED. Because no further briefing is required, the Government's motion for an extension of time to file a brief is DENIED.